## Case No. 909.

### BANK OF THE UNITED STATES v. BOMFORD.

[1 Hayw. & H. 256.] [1]

Circuit Court, District of Columbia. April 19, 1847.

TRUSTEES—POWERS—VARYING TERMS OF TRUST.

The Bank of the United States made several partial assignments of assets to different bodies of trustees, assigning to each a different class of assets and specifying the objects for which each assignment was made. In one class of these assignments it included the judgment in this case. The defendant tendered payment of this judgment in a manner not contemplated by the terms of the assignment, which embraced this judgment, to wit, payment in the paper of the bank which he had purchased at a large discount. Held, that the trustees could not vary the terms of this trust, and must accept payments as designated in the assignments of the assets to them.

At law. Scire facias to revive a judgment [against George Bomford.]

The following statement of facts was submitted to the court for its decision: The Bank of the United States, the above legal plaintiff, made several partial assignments of assets to different sets of trustees for different objects, and among them: (These assignments not to be considered by the court unless admissible in evidence in this cause.) 1st. To James Dundas et al., May 1st, 1841, to secure certain assets, including above debt. 2d. To James Robertson et al., of June, 1841, for other assets, to secure the holders of the bank's paper circulation, &c. Richard Smith was appointed agent for each set of trustees, and as such, on the application of defendant, agreed to receive payment of the above debt in paper of the bank, supposing at the time

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

that the debt was included in the second assignment above, under which the trustees had authorized such payments to be received. Under this agreement the defendant purchased paper at a heavy discount and offered to pay with it; but Mr. Smith, having then discovered that the debt was included in the first assignment, under which such payments were not sanctioned, declined to receive payment in the paper, and thereupon the defendant sold the paper at an advance on the cost. The defendant now claims that he has still the right to pay in such funds, which is denied by the plaintiff. It is admitted that the assignment of the above judgment has not been entered on the docket, and that no notice of the assignment first mentioned was given to defendant by plaintiff until after said tender, and that when Mr. Smith agreed as aforesaid to receive payment in the bank's paper, his motive, as stated before, was not explained to the defendant. If on the foregoing statement the court shall be of the opinion that the plaintiff was not bound to receive payment in the bank's paper so tendered by the defendant under said agreement with said Smith, or in consequence of the subsequent sale of said bank paper by said defendant was relieved from the obligation to receive payment in like paper, as aforesaid, then judgment to be entered generally for plaintiff. If the court shall be of the opinion that under the circumstances the defendant was entitled to pay in such bank paper and has not lost the right in the sale thereof as aforesaid, then he shall have the like benefit of such opinion as he could have by bill in chancery, and judgment shall be entered for plaintiff on the terms that he shall be allowed to pay the same in paper as aforesaid, provided that such paper shall be tendered by such certain day, to be named by the court, as a court of chancery would in such case allow for such tender; and it is agreed that this cause shall be considered by the court as though the several pleas of payment tender and set off, were formally entered, &c.

Clement Cox, for plaintiff.
W. L. H. Smith, for defendant.

THE COURT (DUNLOP, Circuit Judge, not sitting) having considered this case, is of opinion that the plaintiff was not bound to receive payment in the bank paper tendered under the said agreement.

The following endorsement appears on the written opinion: "Mr. Smith desires this case should be considered by the court as if at the time of the submission and decision the defendant had purchased other bank paper, which he had in court to the amount of the plaintiff's judgment ready to be applied thereto; to which desire the plaintiff's attorney answered, 'I have no objection to this.'" THE COURT to this said, "It makes no difference."